UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
FRANKFORT

|  |  |  |
|---|---|---|
| PEGASUS INDUSTRIES, INC., | ) | |
| Plaintiff, | ) ) ) | Civil No. 3:16-cv-00024-GFVT |
| V. | ) ) | **MEMORANDUM OPINION** |
| MARTINREA HEAVY STAMPINGS, INC., | ) ) ) ) | **&** **ORDER** |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Plaintiff Pegasus Industries, Inc., has challenged the Court's subject-matter jurisdiction over the above-styled action, claiming Martinrea Heavy Stampings, Inc., maintains its principal place of business in Shelbyville, Kentucky. Martinrea, however, contends its state of incorporation is Delaware and its principal place of business, or "nerve center," is Vaughan, Ontario. Upon review, the Court finds the requirements of 28 U.S.C. § 1332 satisfied in this case. Accordingly, the Plaintiff's motion requesting remand will be DENIED.

**I**

Plaintiff Pegasus Industries, Inc., originally filed suit against Defendant Martinrea Heavy Stampings, Inc., in Shelby Circuit Court for breach of contract and unjust enrichment. [*See* R. 1-1.] Martinrea removed the action to federal court, invoking diversity of citizenship subject-matter jurisdiction pursuant to 28 U.S.C. § 1332.[1] [R. 1.] Although Pegasus alleged in its state

---

[1] Martinrea initially removed the action to the Louisville Division of the Western District of Kentucky. [*See* R. 1.] Because the Central Division of the Eastern District of Kentucky is the appropriate jury division [*see* Local Rule 3.2(a)(2)(A)], Judge Thomas B. Russell transferred the action to the undersigned. [R. 7.]

court complaint that Martinrea was a Delaware corporation with its principal place of business located at 1000 Old Brunerstown Road, Shelbyville, Kentucky, 40065, Martinrea claims to actually be a Delaware corporation with its principal place of business in Vaughan, Ontario. [*Compare* R. 1-1 at 4 *with* R. 1 at 2.]  Pegasus has asked the Court to remand the action to Shelby Circuit Court [R. 16], but Martinrea insists federal jurisdiction is proper.[2]  [R. 19.]

## II

### A

In general, a defendant may remove a civil action brought in state court to federal court only if the action is one over which the federal court could have exercised original jurisdiction. *See* 28 U.S.C. §§ 1441, 1446.  This Court has original diversity jurisdiction over all civil actions in which "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and the dispute is between" parties who are "citizens of different states."  *See* 28 U.S.C. § 1332(a)(1).  A corporation is deemed to be a citizen of every state in which it has been incorporated and of the state where it has its "principal place of business."  28 U.S.C. § 1332(c)(1).

In order for diversity jurisdiction to attach, "all parties on one side of the litigation [must be] of a different citizenship from all parties to the other side of the litigation."  *Coyne v. Amer. Tobacco Co.*, 183 F.3d 488, 492 (6th Cir. 1999) (quoting *SHR Ltd. Partnership v. Braun*, 888 F.2d 455, 456 (6th Cir. 1989)).  When removal is based on diversity of the parties, the removing defendant has the burden to prove the diversity requirements are satisfied by a preponderance of the evidence.  *Everett v. Verizon Wireless, Inc.*, 460 F.3d 818, 829 (6th Cir. 2006).  Any doubts

---

[2] Pegasus has not filed a reply to the Defendant's response brief; nonetheless, the time to do so has expired, and the matter stands ripe for the Court's review.  [*See* Local Rule 7.1(c).]

regarding federal jurisdiction should be construed in favor of remanding the case to state court. *See, e.g.*, *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941).

**B**

Pegasus contends the requirements of 28 U.S.C. § 1332 are not satisfied in this case. However, Pegasus concedes the amount in controversy for the action exceeds $75,000 [*see* R. 16-1 at 1], and both parties agree that Martinrea was incorporated in the state of Delaware. [*See id.*; R. 16-2 at 2.] The key inquiry, then, is the location of Martinrea's principal place of business.

In 2010, the Supreme Court clarified that a corporation's principal place of business should be determined by the "nerve center" test. *Hertz Corp. v. Friend*, 559 U.S. 77 (2010). Pursuant to this test, a corporation's principal place of business or nerve center is "the place where the corporation's officers direct, control, and coordinate the corporation's activities." *Id.* at 92-93. This location "should normally be the place where the corporation maintains its headquarters," provided the place is the true headquarters and "not simply an office where the corporation holds its board meetings." *Id.* at 93. A mere mailbox or an empty office will not suffice as the nerve center. *Id.* at 97. Further, a corporation's filing of a form listing a "principal executive office" location is not conclusive proof of that corporation's nerve center. *Id.* Instead, a corporation's nerve center is the single location that best represents "the center of overall direction, control, and coordination" of the entity. *Id.* at 96.

In this case, the record indicates Martinrea's principal place of business is Vaughan, Ontario, rather than Shelbyville, Kentucky. While Martinrea's Certificate of Authority filed with the Kentucky Secretary of State's Office lists a Shelbyville location as "the mailing address of the corporation's principal office," this is not conclusive proof of Martinrea's nerve center. [*See*

3

R. 16-2 at 1.] *See also Hertz*, 559 U.S. at 97.  Notably, the Certificate of Authority includes additional information to suggest the corporation is directed and controlled from a different locale.  [*See id.* (indicating that Martinrea's officers and directors at the time of filing were Rob Wildeboer and Nick Orlando, both with a business address in Vaughan, Ontario).]

An affidavit submitted by the Vice President, Legal, and Corporate Secretary of Martinrea International, Inc., explains the organizational structure of the Martinrea family of corporations and sheds light on the pertinent issue.  [R. 19-1 at 2-3.]  Martinrea International, Inc., an Ontario corporation, has forty-four manufacturing locations in eight countries, including the Defendant Martinrea Heavy Stampings, Inc., facility in Shelbyville, Kentucky.  [*Id.*] Defendant Martinrea Heavy Stampings, Inc., is a wholly-owned subsidiary of Martinrea Metal Industries, Inc., which in turn is a wholly-owned subsidiary of Martinrea Metals of America, Inc. Then, Martinrea Metals of America, Inc., is a wholly-owned subsidiary of Martinrea Metal Holdings (USA), Inc., which in turn is a wholly-owned subsidiary of Martinrea International, Inc.  [*Id.*]

Mr. Bruce Johnson, Executive Vice President of Operations for Martinrea International, Inc., is tasked with supervising Martinrea International, Inc.'s nineteen metallics plants, one of which is the Defendant plant in Shelbyville, Kentucky.  [*Id.* at 3.]  Mr. Johnson's office is located in Vaughan, Ontario.  [*Id.*]  Further, two of the four listed officers and directors, Mr. Rob Wildeboer and Ms. Kerri Pope, direct and control Defendant Martinrea Heavy Stampings, Inc., from their offices at Martinrea International, Inc.'s corporate headquarters in Vaughan.  [R. 19-1 at 3-4.]  Annual meetings of the shareholders as well as Board of Directors' meetings are held in Vaughan.  [*Id.* at 4.]  And the affidavit submitted by the Vice President, Legal, and Corporate Secretary of Martinrea International, Inc., verifies that the officers and directors of the Defendant

4

Martinrea Heavy Stampings, Inc., direct, control, and coordinate the activities of the Defendant from Vaughan. [*Id.*]

The fact that Defendant Martinrea Heavy Stampings, Inc., incorporated separately from its parent corporations proves immaterial here. While a corporate subsidiary's citizenship is distinct from a corporate parent's citizenship, *see Schwartz v. Elec. Data Sys. Inc.*, 913 F.2d 279, 283 (6th Cir. 1990), nothing prevents the subsidiary from maintaining the same principal place of business as its corporate parent if that location is truly the subsidiary's nerve center. The highest ranking employee physically located at Martinrea's Shelbyville plant is Mr. John Munroe, a General Manager. [R. 19 at 4.] Mr. Munroe is neither an officer nor a director of the corporation, and no Martinrea officers or directors reside in or work from Shelbyville. [R. 19 at 4-5.] Instead, Defendant Martinrea Heavy Stampings, Inc., is controlled from Vaughan, and the fact that its parent corporation Martinrea International, Inc., is also controlled from that location does not alter the Court's analysis.

While the Defendant maintains employees and conducts a metal manufacturing business in Shelbyville just as the Plaintiff contends [*see* R. 16-1 at 4], significant corporate policy and oversight decisions are made from Vaughan, Ontario. Vaughan, therefore, is the nerve center pursuant to the *Hertz* test. *Hertz*, 559 U.S. at 96 ("[I]f the bulk of a company's business activities visible to the public take place in New Jersey, while its top officers direct those activities just across the river in New York, the 'principal place of business' is New York."). Because the Defendant was incorporated in Delaware and has its principal place of business in Vaughan, Ontario, it is diverse from the Plaintiff Pegasus, a citizen of Kentucky. [*See* R. 1 at 2.] Therefore, this Court has jurisdiction of the action pursuant to 28 U.S.C. § 1332, and the motion to remand is denied.

## III

Accordingly, and the Court being otherwise sufficiently advised, it is hereby **ORDERED** as follows:

1. The Plaintiff's Motion to Remand [**R. 16**] is **DENIED**;

2. The Plaintiff's Motion for Leave to File an Amended Complaint [**R. 17**], which is unopposed by the Defendant [*see* R. 20], is **GRANTED**; and

3. The Clerk of the Court is **DIRECTED** to file the proposed amended complaint [R. 17-2] in the record.

This the 27th day of May, 2016.

Gregory F. Van Tatenhove
United States District Judge